UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAYDEN SUNDBERG,<br><br>                    Plaintiff,<br><br>     v.<br><br>SHELTON SCHOOL DISTRICT NO. 309,<br><br>                    Defendant. | CASE NO. 3:23-cv-05717-DGE<br><br>REQUEST FOR SUPPLEMENTAL BRIEFING RE: JOINT MOTION TO ACCESS EDUCATION RECORDS (DKT. NO. 58) |

      Plaintiff Jayden Sundberg brings suit against his former school district—Defendant Shelton School District—for negligence and violations of Washington Law Against Discrimination ("WLAD") and the Americans with Disabilities Act ("ADA"). (Dkt. No. 52 at 10–17.) Plaintiff is diagnosed with Autism Spectrum Disorder, Intermittent Explosive Disorder, and Attention-Deficit/Hyperactivity Disorder and studied according to an Individualized Education Program ("IEP") while enrolled at Shelton High School. (*Id*. at 4.) Plaintiff openly identified as queer and gender fluid while at Shelton High School. (*Id*.)

REQUEST FOR SUPPLEMENTAL BRIEFING RE: JOINT MOTION TO ACCESS EDUCATION RECORDS (DKT. NO. 43) - 1

In relevant part, the Complaint alleges that Defendant violated the WLAD and the ADA by "treating Sundberg—and his complaints of harassment—differently based on his disabilities and sexual orientation." (*Id*. at 3.) Plaintiff claims that the District "did not enforce its rules and policies against harassment, intimidation, and bullying when other [students]," including a student who assaulted Sundberg with a knife, bullied Sundberg "based on his sexual orientation and physical attributes." (*Id*. at 10.) Defendant denies Plaintiff's allegations and asserts that "Mr. Sundberg cannot establish that he was treated in a manner different than the treatment provided to students outside his protected classes." (Dkt. No. 58 at 4) (quoting Dkt. No. 32 at 10).

On November 18, 2024, the Parties jointly moved for "an Order authorizing the District to disclose certain student education records to Sundberg in discovery, subject to a protective order." (Dkt. No. 58 at 1.)[1] The District then served notice of the motion, the proposed order, and the protective order entered by the Court (Dkt. No. 61) on the parents of the students identified in Plaintiff's initial disclosures and the parents of students whose names appeared in records requested by Plaintiff in written discovery. (Dkt. No. 63 at 1–2.) The notice informed parents that if they wished to object to the production of the educational records and information,

---

[1] The Parties state that "a central issue in this case is whether the District handled Sundberg's reports of harassment and bullying differently than reports by other students who did not share his protected characteristics." (Dkt. No. 58 at 8.) It is common for plaintiffs to rely on so-called "comparator evidence" when bringing antidiscrimination lawsuits, both under the WLAD and federal antidiscrimination law. Under the WLAD, "[p]roof of different treatment by way of comparator evidence is relevant and admissible[.]" *Johnson v. Chevron, U.S.A., Inc*., 244 P.3d 438, 446 (Wash. Ct. App. 2010). Likewise, a plaintiff may "point to comparators as circumstantial evidence of unlawful discriminatory intent," when bringing federal discrimination claims. *Ballou v. McElvain*, 29 F.4th 413, 424–25 (9th Cir. 2022). Here, the Parties confirm that "[t]he comparator evidence sought through Sundberg's discovery requests is not just a mechanism that may be used to prove discriminatory disparate treatment; it is also relied upon by the District in support of its defense." (Dkt. No. 58 at 8.)

they could send written objection to Defendant by January 17, 2025. (*Id*. at 36.) Thirteen parents and/or guardians objected to the production of the educational records and information. (*See id*. at 3, 38–51; Dkt. No. 67 at 1.)

The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B), provides that:

> No funds shall be made available . . . to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records . . . unless . . . such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

Thus, "FERPA does not prohibit the disclosure of educational records: FERPA instead penalizes the inappropriate disclosure of such information." *Jones v. Espanola Mun. Sch. Dist*., No. CV 13-741 RB-WPL, 2016 WL 10257481, *2 (D.N.M. May 13, 2016). Nevertheless, federal courts have consistently required parties seeking disclosure of education records to meet a "significantly heavier burden" than exists with respect to discovery of other kinds of information because of the strong privacy interests of the students involved. *See Jun Yu v. Idaho State Univ*., No. 4:15-CV-00430-REB, 2017 WL 1158813, *2 (D. Idaho Mar. 27, 2017) (collecting cases); *Jones*, 2016 WL 10257481, at *2–*3 (collecting cases).[2] Specifically, courts have coalesced around the requirement that the party seeking the disclosure must "demonstrate a genuine need for the information that outweighs the privacy interest of the students." *Jones*, 2016 WL

---

[2] Federal Rule of Civil Procedure 26(b)(1) establishes: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

REQUEST FOR SUPPLEMENTAL BRIEFING RE: JOINT MOTION TO ACCESS EDUCATION RECORDS (DKT. NO. 43) - 3

10257481, *3 (citing *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977)); *see also Doe v. Berkeley Unified Sch. Dist.*, No. C 20-08842 WHA, 2021 WL 1866197, *1 (N.D. Cal. May 10, 2021). "Courts usually find that a party has met the burden when it would be 'impossible to prove' the claim without such records." *Jones*, 2016 WL 10257481, at *3 (quoting *Rios*, 73 F.R.D. at 599). For example, in *Davids v. Cedar Falls Community Schools*, the Court concluded that the plaintiff's "allegations that the school was engaged in a practice of disparate discipline of minority and non-minority students (thereby treating a racially hostile environment) [could] only be proven if she is granted access to the disciplinary records and incident reports of the students involved." No. C-96-2071, 1998 WL 34112767, *3 (N.D. Iowa Oct. 28, 1998).

Plaintiff states that "the District has determined that the records at issue are responsive to discovery and the parties have observed how the records may prove relevant to the claims or defenses in this case." (Dkt. No. 68 at 2.) This is not sufficient to show that Plaintiff's need for the information "outweighs the students' privacy interests." *Jun Yu*, 2017WL 1158813, at *2. Instead, Plaintiff must show "plaintiff [] need[s] this information to prove disparate treatment." *Doe v. Manhattan Beach Unified Sch. Dist.*, No. CV1906962DDPRAOX, 2020 WL 11271845, *4 (C.D. Cal. Oct. 20, 2020). Although the Parties confirm that "[t]he comparator evidence sought through Sundberg's discovery requests" will be relied upon by Plaintiff to prove disparate treatment and by the District in support of its defense, the Parties do not specifically state *why* the educational records of the students who objected are relevant. One student, for example, attended a different school and was ten years old at the time of the incident in Plaintiff's complaint. (*See* Dkt. No. 63 at 48.)

Thus, for every objection filed, the Parties must explain to the Court why the educational record at issue meets the relevant legal standard. In other words, the Parties must state why their

REQUEST FOR SUPPLEMENTAL BRIEFING RE: JOINT MOTION TO ACCESS EDUCATION RECORDS (DKT. NO. 43) - 4

1 need for the information "outweighs the students' privacy interests" because it is necessary to

2 prove disparate treatment. *Jun Yu*, 2017WL 1158813, at *2.

3       The Parties are hereby ORDERED to submit supplemental briefing explaining why

4 disclosure of the thirteen educational records at issue outweighs those students' privacy interests.

5 The Parties shall file the supplemental briefing by February 21, 2025.

6       Defendant shall provide a copy of this Order to the parents and/or guardians who filed

7 objections. Similarly, a copy of any supplemental briefing filed by the parties shall be sent to the

8 parents and/or guardians who filed objections.

10       Dated this 3rd day of February, 2025.

David G. Estudillo
United States District Judge

REQUEST FOR SUPPLEMENTAL BRIEFING RE: JOINT MOTION TO ACCESS EDUCATION RECORDS (DKT. NO. 43) - 5